UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

MICHAEL WAYNE COUCH,

    Plaintiff,

v.

CLAY COUNTY SHERIFF'S OFFICE, et al.,

    Defendants.

Civil Action No. 6: 23-42-KKC

MEMORANDUM OPINION
AND ORDER

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Michael Couch is a pretrial detainee confined at the Clay County Detention Center in Manchester, Kentucky. Couch has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In his Complaint, Couch alleges that following his arrest in September 2021, Deputy Sheriffs Jerrod Smith and Cody Arnold testified in court and grand jury proceedings that he had assaulted three officers. Couch contends that this was perjury because video footage shows that he resisted arrest by only one of them. [R. 1 at 2] Couch also alleges in a single sentence that Clay County Sheriff Patrick Robinson "has a history of allowing his men to trump up charges." *Id.* Couch also complains that Assistant Commonwealth's Attorney Harold Rader repeatedly tried to get Couch to plead guilty to three counts of third degree assault on a police

officer. Couch characterizes this conduct as police brutality, anti-Semitism, and prosecutorial misconduct. He also complains that he filed a motion requesting a speedy trial in early 2022, but that the charges against him remain pending. [R. 1 at 2-3] For relief, Couch states that he "wants my charges Amended to Resisting Arrest and Ten Million Dollars for police perjury and prosecutorial misconduct." [R. 1 at 8]

A review of the Kentucky Court of Justice's online CourtNet database indicates that in September 2021 Couch was charged in Clay County, Kentucky, with three counts of Assault, Third Degree (School Employee or School Volunteer) in violation of Ky. Rev. Stat. 508.025, as well as being a Persistent Felony Offender, First Degree, in violation of Ky. Rev. Stat. 532.080(3). In April 2022 Couch's appointed counsel filed a motion to determine his competency to stand trial, and related proceedings have ensued since that date. As of this writing, the charges against Couch remain pending. *See Commonwealth v. Couch*, No. 21-CR-00115 (Clay Cir. Ct. 2021).[1]

The criminal charges against Couch still pend, and the same events which gave rise to those charges and the resulting prosecution form the basis for his claims against the Defendants. Under such circumstances, public policy directs federal courts to refrain from exercising their otherwise valid jurisdiction where doing so would interfere with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Thus,

---

[1] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=026&court=1&division=CI&caseNumber=21-CR-00115&caseTypeCode=CR&client_id=0 (accessed April 6, 2023).

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. ... If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, [*Heck v. Humphrey*, 512 U.S. 477 (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citations omitted).

The Court may raise the possible need to abstain from exercising jurisdiction *sua sponte*. *Hill v. Snyder*, 878 F. 3d 193, 206 n.3 (6th Cir. 2017). *Younger* abstention is appropriate where:

1. there are ongoing state judicial proceedings;
2. those proceedings implicate important state interests; and
3. the state proceedings provide an adequate opportunity to raise constitutional challenges.

*Id.* at 206 (*citing Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (citation omitted)). Consideration of these factors amply supports abstention here. First, the criminal prosecution against Couch remains pending. Second, Kentucky's interest in the prosecution of crimes committed within its territory is of paramount importance, and comity (a proper respect for the right of the several States to carry out their functions) supports abstention. *Leveye v. Metropolitan Public Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (holding that state court criminal proceedings traditionally implicate an important state interest); *Sun Refining & Mktg. Co. v. Brennan*, 921 F. 2d 635, 638-42 (6th Cir. 1990). Third, Kentucky is entitled to a presumption that its courts will provide a ready and adequate forum to hear and address federal constitutional claims asserted by those appearing before them, and there is no reason to doubt

that Couch may press his concerns during the defense of the criminal prosecution against him. *Cf. Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435-36 (1982); *Hayse v. Wethington*, 110 F.3d 18, 21-22 (6th Cir. 1997). Therefore, because Couch seeks a civil remedy for asserted violations of his civil rights in relation to the ongoing criminal prosecution against him, *Younger* indicates that the Court should abstain from exercising its jurisdiction over such claims until after the criminal case is concluded. *See Aaron v. O'Connor*, 914 F. 3d 1010, 1016-17 (6th Cir. 2019).

Having determined that abstention is warranted, the Court will not proceed further with Couch's claims until the criminal prosecution is concluded. The question remaining then is whether to effectuate that decision by dismissing the case now (albeit "without prejudice," meaning that Couch could file a new federal case later if the state criminal proceeding resolves in his favor) or by staying the case indefinitely pending the outcome of his criminal case. In *Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), the Supreme Court held that where a federal court determines that the particular species of abstention identified in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) should be applied, the case must be stayed (rather than dismissed or remanded) if the plaintiff seeks only damages, not injunctive or declaratory relief. 517 U.S. at 719-21. However, *Quakenbush* did not clearly indicate whether the same rule applies to other species of abstention (such as *Younger*, *Colorado River*, or *Pullman*). Rather, the Supreme Court indicated that under *Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 115 (1981) a federal court should "*decline to hear the action*" (emphasis added) if

4

"[t]he recovery of damages under the Civil Rights Act first requires a 'declaration' or determination of the unconstitutionality" of state action). *Quakenbush*, 517 U.S. at 719. At bottom, the *Quakenbush* Court held that a *per se* rule against dismissal or remand on abstention grounds applied only in the narrowest of circumstances: where *Burford* abstention is applied and the plaintiff seeks only damages, not any other form of discretionary relief. *Id*. at 730.

The Sixth Circuit has therefore held that where the plaintiff files "a federal action seeking *only* monetary damages" dismissal is not permitted. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1073, 1075-76 (6th Cir. 1998) (emphasis added); *see also Nimer v. Litchfield Tp. Bd. of Trustees*, 707 F. 3d 699, 700 (6th Cir. 2013) (same). In comparison, dismissal of the action on *Younger* abstention grounds may be appropriate where the plaintiff seeks both damages and declaratory relief. *Coles v. Granville*, 448 F.3d 853, 865-66 (6th Cir. 2006); *see also Quakenbush*, 517 U.S. at 730-31 ("The *per se* rule described by the Ninth Circuit is, however, more rigid than our precedents require. We have not strictly limited abstention to 'equitable cases,' but rather have extended the doctrine to all cases in which a federal court is asked to provide some form of discretionary relief."). Here Couch seeks not only damages (for alleged perjury by the police officers and "prosecutorial misconduct") but also an order from this Court compelling state officials to reduce the charges against him down to resisting arrest. *See* [R. 1 at 8] Such actions would unquestionably interfere with the pending criminal proceedings against Dixon in the Kentucky courts, rendering *Younger* abstention appropriate.

The Sixth Circuit has permitted dismissal under such circumstances. *See Mayes v. Rozalski*, No. 20-5364 (6th Cir. Oct. 9, 2020) (affirming this Court's without-prejudice dismissal pursuant to the *Younger* abstention doctrine); *see also Stevenson v. Prime Motors*, No. 5:16-cv-421-KKC, 2017 WL 512750, at *3 (E.D. Ky. 2017) (collecting cases).

Accordingly, it is **ORDERED** as follows:

1. Couch's complaint [R. 1] is **DISMISSED** without prejudice.

2. All pending motions are **DENIED** as moot.

3. This matter is **STRICKEN** from the active docket.

Entered: April 28, 2023.

*[signature]*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY